Daniel V. Johns, Esq. (pro hac vice motion to be filed)
Erin K. Clarke, Esq. (No. 026852010)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

*Attorneys for Defendants The Trustees of the
University of Pennsylvania, Richard Ingersoll, and
Jason Presley*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET WHITE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 13-07219-RBK-KMW |
| THE UNIVERSITY OF PENNSYLVANIA; RICHARD INGERSOLL, Chair of Education; JASON PRESLEY, Chief Financial Officer, | : |
| Defendants. | : |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANTS THE UNIVERSITY OF
### PENNSYLVANIA, RICHARD INGERSOLL AND JASON PRESLEY

Defendants The Trustees of the University of Pennsylvania (improperly identified as "The University of Pennsylvania" and hereafter the "University of Pennsylvania"), Richard Ingersoll ("Ingersoll"), and Jason Presley ("Presley") (collectively "Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Janet White as follows:

#### JURISDICTION

Deny the allegations regarding jurisdiction as conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

### VENUE

Deny the allegations regarding venue as conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

### PRELIMINARY STATEMENT

State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to whether Plaintiff has been diagnosed with Bipolar II Disorder and, therefore, deny the same. By way of further answer, Defendants deny the remaining allegations in paragraph 1 of the Preliminary Statement as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the number of individuals who suffer from some form of Bipolar II Disorder and whether Bipolar II Disorder is misunderstood and, therefore, deny the same. By way of further answer, Defendants deny the remaining allegations in paragraph 2 of the Preliminary Statement as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of the Preliminary Statement and, therefore, deny the same.

Admit that Plaintiff brings this action pursuant to the statutory authority cited in paragraph 4 of the Preliminary Statement of the Complaint but deny that she is entitled to any relief. By way of further answer, Defendants deny the remaining allegations in paragraph 4 of

the Preliminary Statement of the Complaint as conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

Deny the allegations in paragraph 5 of the Preliminary Statement of the Complaint.

State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Preliminary Statement of the Complaint and, therefore, deny the same.

Admit only that Plaintiff has been employed by the University of Pennsylvania for a total of nearly twenty (20) years and deny the remaining averments in paragraph 7 of the Preliminary Statement of the Complaint.

### THE PARTIES

1. Admit only that Plaintiff has been an employee of the University of Pennsylvania for a total of over nineteen (19) years, and, since 2012, she has held the position of Coordinator B at the University of Pennsylvania's Graduate School of Education ("GSE"), Education Policy Division.  Defendants are without information sufficient to form a belief as to where Plaintiff currently resides and, therefore, deny the same.

2. Admit the allegations in paragraph 2.

3. Admit the allegations in paragraph 3.

4. Admit the allegations in paragraph 4.

### STATEMENT OF FACTS

5. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 and, therefore, deny the same.

6. Admit the allegation in paragraph 6.

7. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff left Penn in 1996 to explore other career opportunities and whether Plaintiff's position was discontinued in 2008 due to restructuring and, therefore, deny the same. By way of further answer, Plaintiff was laid off from her position at the School of Engineering and Applied Sciences in 2008. Defendants admit the remaining allegations in paragraph 7.

8. Admit only that Plaintiff worked in a temporary position at the Graduate School of Education through the Unique Advantage temp agency. By way of further answer, Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 8 and, therefore, deny the same.

9. Admit the allegations in paragraph 9.

10. Admit the allegations in paragraph 10.

11. Admit only that Plaintiff performed the responsibilities set forth in paragraph 11 and deny that the duties were beyond those of an Administrative Assistant B or that her supervisor would not handle the responsibilities.

12. Deny the allegations in paragraph 12.

13. Deny that Plaintiff was promoted to the position of Coordinator C and that the duties of her position included the supervision of one administrative assistant. By way of further answer, Plaintiff was promoted to the Position of Coordinator B and that title is used interchangeably with the title "Program Manager." Defendants deny the remaining allegations

as a characterization of a writing which speaks for itself.  Defendants deny any and all allegations that misquote or mischaracterize said writing.

14. Deny that the lack of administrative assistance placed Plaintiff at a disadvantage and complicated any direct comparison to her peers.  Defendants admit the remaining allegations in paragraph 14.  By way of further answer, Defendants later hired a temporary assistant to assist Plaintiff.

15. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 and, therefore, deny the same.

16. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 and, therefore, deny the same.

17. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 and, therefore, deny the same.

18. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 and, therefore, deny the same.

19. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 and, therefore, deny the same.

20. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 and, therefore, deny the same.

21. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 and, therefore, deny the same.

22. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 and, therefore, deny the same.

23. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 and, therefore, deny the same.

24. Admit only that Plaintiff took Family and Medical Leave from May 1, 2013 through June 30, 2013. By way of further answer, Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 24 and, therefore, deny the same.

25. Deny the allegations regarding the FMLA as conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

26. Deny the allegations regarding the FMLA as conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied. By way of further answer, Defendants specifically deny that they violated the FMLA.

27. Admit that the University of Pennsylvania is bound by the provisions of the FMLA. Defendants deny the remaining averments in paragraph 27 as a characterization of

the terms of a writing which speaks for itself.  Defendants deny any and all allegations that misquote or mischaracterize said writing.  By way of further answer, Defendants deny the allegations in footnote 1 as conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

28. Admit only that Plaintiff took medical leave under the FMLA and state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 28 and, therefore, deny the same.

29. Admit that Plaintiff spoke to University Associate Ombudsman Marcia Martinez-Helfman and University Benefits Specialist Aysha Horshaw.  By way of further answer, Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 29 and, therefore, deny the same.

30. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 and, therefore, deny the same.

31. Admit the allegations in paragraph 31.

32. Admit only that Plaintiff was required to provide documentation to Human Resources from medical providers about her condition and deny the remaining averments in paragraph 32.

33. Admit the allegations in paragraph 33.

34. Deny the allegations in paragraph 34.

35. Admit the allegations in paragraph 35.

36. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 36 and, therefore, deny the same.

37. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 and, therefore, deny the same.

38. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 38 and, therefore, deny the same.

39. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 39 and, therefore, deny the same.

40. Admit only that Plaintiff returned to work on July 1, 2013. By way of further answer, Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 40 and, therefore, deny the same.

41. Admit that Ingersoll sent the e-mail attached to Plaintiff's Complaint as Exhibit 2 and deny that Plaintiff had not been able to access her work email while on leave. By way of further answer, Defendants deny the remaining allegations in paragraph 41 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing. Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of when Plaintiff received the email referenced in paragraph 41 and, therefore, deny the same.

42. Deny the allegations as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing. By way of further answer, Defendants deny the remaining allegations in paragraph 42 and specifically deny that Ingersoll intended to pry, harass, or place blame on Plaintiff.

43. Admit only that Presley sent Plaintiff a letter dated June 27, 2013 stating that her increase would be 1.00% and that Plaintiff had received a 3.00% increase the year prior. By way of further answer, Defendants state that after reasonable investigation, they are without knowledge or information sufficient to form a belief as to when Plaintiff received the letter and, therefore, deny the same. Defendants deny the remaining allegations as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

44. Admit the allegations in paragraph 44.

45. Deny the allegations in paragraph 45 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

46. Admit the allegations in paragraph 46.

47. Admit only that Plaintiff was called into Presley's office on August 7, 2013 to receive her annual performance evaluation and deny the remaining allegations in paragraph 47.

48. Deny the allegations in paragraph 48 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing. Defendants admit that Presley told Plaintiff that faculty had complained about her work and what she says during the program managers meetings "does not

make sense." By way of further answer, Defendants deny the remaining allegations in paragraph 48 and specifically deny that Presley's review was "harsh and inaccurate."

49. Admit only that Presley did not give her positive feedback and deny the remaining allegations in paragraph 49 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing. By way of further answer, Defendants deny that they violated the cited policy.

52. Deny the allegations in paragraph 52.

53. Admit the allegations in paragraph 53.

54. Deny the allegations in paragraph 54 as characterizations of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

55. Deny the allegations in paragraph 55 as characterizations of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

56. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of whether co-workers, students and faculty gave Plaintiff positive feedback about her work performance and, therefore, deny the same. By way of further answer, Defendants deny the allegations in paragraph 56 as a characterization of

writings which speak for themselves.  Defendants deny any and all allegations that misquote or mischaracterize said writings.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.  By way of further answer, Plaintiff is still employed as a Program Manager.

60. Deny that Presley informed Plaintiff that her division would be hiring a new program manager in the next several months and that she was better suited only for an administrative assistant role and admit the remaining allegations in paragraph 60.

61. Admit the allegations in paragraph 61.

62. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 62 and, therefore, deny the same.

63. Deny the allegations in paragraph 63.

64. Admit only that Plaintiff met with Associate Ombudsman Marcia Martinez-Helfman at some point.  By way of further answer, Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 64 and, therefore, deny the same.  Defendants specifically deny that the proposed change in position was a demotion.

65. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 65 and, therefore, deny the same.

66. Deny the allegations in paragraph 66.

67. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 67 and, therefore, deny the same.

68. Deny the allegations in paragraph 68 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

69. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 69 and, therefore, deny the same.

70. Admit that Lovitz wrote a letter on Plaintiff's behalf to the University of Pennsylvania's General Counsel and deny the remaining allegations in paragraph 70.

71. Admit only that, after Plaintiff refused to accept the position in the TLL division, a temporary employee was hired. By way of further answer, Defendants deny the remaining allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Admit only that Plaintiff was included in the recipient list of said email. By way of further answer, Defendants deny the remaining allegations in paragraph 73 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

74. Deny that only faculty members and not program managers have the authority to coordinate internship programs and admit the remaining allegations in paragraph 74.

75. Deny the allegations in paragraph 75 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing.

76. Deny the allegations in paragraph 76 as a characterization of a writing which speaks for itself. Defendants deny any and all allegations that misquote or mischaracterize said writing. By way of further answer, Defendants deny that the emails and statements cast doubt on the sincerity of Presley's August 7, 2013 communication to Plaintiff.

77. Deny that Presley exploited the possibility of a new program to permanently oust Plaintiff from her position. By way of further answer, Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 77 and, therefore, deny the same.

78. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 78 and, therefore, deny the same.

79. State that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 79 and, therefore, deny the same.

80. Deny that Defendants retaliated against Plaintiff for taking FMLA leave as a conclusion of law to which no response is required. To the extent the averment is deemed factual, Defendants deny that their actions constitute retaliation for taking FMLA leave. Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 80 and, therefore, deny the same.

81. Deny the allegations in paragraph 81.

82. Deny the allegations as a characterization of the terms of a writing which speaks for itself.  Defendants deny any and all allegations that misquote or mischaracterize said writing.  By way of further answer, Defendants deny that the University violated its own policy.

83. Deny the allegations in paragraph 83.

84. Admit only that Plaintiff did not accept the position in the TLL division and that Plaintiff is still working in her position as a Program Manager/Coordinator.  Defendants deny the remaining allegations in paragraph 84.

85. Deny that Plaintiff's absence counted against her for purposes of her performance evaluation.  By way of further answer, Defendants deny the remaining allegations as a characterization of a writing which speaks for itself.  Defendants deny any and all allegations that misquote or mischaracterize said writing.

86. Deny that Plaintiff received any unwarranted performance evaluations.  By way of further answer, Defendants state that, after reasonable investigation, they lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 86 and, therefore, deny the same.

## COUNT ONE

### VIOLATION OF THE FAMILY [AND] MEDICAL LEAVE ACT, 29 U.S.C. 2601 ET SEQ., INTERFERENCE

87. Incorporate by reference their responses to the foregoing paragraphs as though set forth in full herein.

88. Deny the allegations in paragraph 88 as conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

89. Deny the allegations in paragraph 89 as conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

90. Deny the allegations in paragraph 90 as conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

91. Deny the allegations in paragraph 91.

92. Deny the allegations in paragraph 92.

93. Deny the allegations in paragraph 93.

94. Deny the allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

WHEREFORE, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff on Count One and that they be awarded their costs and attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT TWO

### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601 ET SEQ., RETALIATION

96. Incorporate by reference their responses to the foregoing paragraphs as though set forth in full herein.

97. Deny the allegations in paragraph 97 as conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on Count Two and that they be awarded their costs and attorneys' fees, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Defendants reserve the right to amend their Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

### First Affirmative Defense

Defendants did not violate any duty to, or right of, Plaintiff.

### Second Affirmative Defense

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by her own acts, omissions or conduct.  In addition, if any damages have resulted for which Defendants are held liable, Plaintiff failed, in whole or in part, to mitigate her damages and Defendants are entitled to a credit/offset against any damages awarded.

### Third Affirmative Defense

Plaintiff is not entitled to the damages sought in the Complaint.

### Fourth Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Defendants' actions or inactions were not the proximate, legal or substantial cause of any damages, injury or loss suffered by Plaintiff, the existence of which is denied.

### **Sixth Affirmative Defense**

To the extent that Plaintiff suffered any injury, said injury was the result of action by other parties over which Defendants have no control.

### **Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver and/or estoppel.

### **Eighth Affirmative Defense**

Plaintiff's claims are barred because all actions of Defendants were proper, privileged, justified, and undertaken in good faith.

### **Ninth Affirmative Defense**

The Defendants acted at all times in good faith and for legitimate and nondiscriminatory reasons.

### **Tenth Affirmative Defense**

At all times, any actions taken by Defendants with respect to Plaintiff were taken for legitimate business reasons unrelated to any use of FMLA leave.

### **Eleventh Affirmative Defense**

All or part of Plaintiff's claims are barred by the exclusive remedy provision of the Pennsylvania Workmen's Compensation Act, 77 Pa. Cons. Stat. Ann. § 481(a).

### **Twelfth Affirmative Defense**

Defendants did not retaliate against Plaintiff for engaging in protected activity under the FMLA.

### Thirteenth Affirmative Defense

Plaintiff did not suffer an adverse employment action.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff on the Complaint and that they be awarded their costs and disbursements in this action, including reasonable attorneys' fees, and such other relief as the Court deems just and proper.

                                          Respectfully submitted,

Dated: February 6, 2014                 /s/ Erin K. Clarke
                                          Erin K. Clarke, Esq. (No. 026852010)

**OF COUNSEL:**
Daniel V. Johns, Esq. (pro hac vice motion to be filed)

Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

*Attorneys for Defendants The Trustees of the University of Pennsylvania, Richard Ingersoll, and Jason Presley*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify that the matter in controversy in the above-entitled action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                        Respectfully submitted,

Dated:  February 6, 2014                /s/ Erin K. Clarke
                                        Daniel V. Johns, Esq. (pro hac vice motion to be filed)
                                        Erin K. Clarke, Esq. (No. 026852010)
                                        Ballard Spahr LLP
                                        1735 Market Street, 51st Floor
                                        Philadelphia, PA  19103-7599
                                        (215) 665-8500

## **CERTIFICATE OF SERVICE**

I, Erin K. Clarke, hereby certify that, on this day, the foregoing Answer and Affirmative Defenses of Defendants The Trustees of the University of Pennsylvania, Richard Ingersoll, and Jason Presley was filed electronically and is available for viewing and downloading from the ECF system by the following counsel:

Michelle J. Douglass
Douglass Kinniry Law
1601 Tilton Road, Suite 6
Northfield, NJ  08225
*Attorney for Plaintiff*

Dated:  February 6, 2014                                          /s/  Erin K. Clarke
                                                                                    Erin K. Clarke